UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **In re CIM-SQ Transfer Cases** <br> _____ <br><br> Re Case Nos.: 21-cv-01094-EJD *Hudson v. Broomfield et al.*; 21-cv-05805-BLF *Crittenden v. Diaz et al.*; 21-cv-09386-BLF *Mackey v. Allison et al.*; 21-cv-09581-BLF *Hamilton v. Allison et al.*; 22-cv-00150-WHO *Toalepai v. Allison et al.*; 22-cv-00186-EJD *Colvin v. State of California et al.*; 22-cv-00465-EJD *Hamiltonhausey et al v. Broomfield et al*. | Case No. 22-mc-80066-WHO <br><br> **THIRD ORDER TO SHOW CAUSE IN REPRESENTED CASES** |

The represented cases identified above have been assigned to me by the Chief Judge of the Northern District of California for the following limited purpose:

1. Determining whether Clark Kelso has quasi-judicial immunity, and if not, some other defenses he has raised such as whether he is a state actor who can be sued under section 1983;

2. Determining whether the defendants have immunity under the Public Readiness And Emergency Preparedness (PREP) Act;

3. Determining whether the defendants are entitled to qualified immunity as a matter of law at the motion to dismiss stage;

4. Determining whether the complaints filed by unrepresented plaintiffs allege adequate detail to state a claim upon which relief can be granted.

*See* Dkt. Nos. 1 (Order of Limited Assignment), 7, 51 ("Assigned Issues").

In an Order dated July 15, 2022 (Dkt. No. 59), I resolved Assigned Issues 2 and 3 in certain other cases where plaintiffs were represented by counsel ("Represented Cases") and where the defendants had a full opportunity to file motions to dismiss and argue grounds for immunity and the plaintiffs had a full opportunity to respond. In that Order, I explained why – based on materially consistent pleadings and judicially noticeable facts – plaintiffs had adequately pleaded

facts showing that neither PREP Act immunity nor qualified immunity precluded their claims at the motion to dismiss stage.[1]

Defendants in the represented cases above are HEREBY ORDERED TO SHOW CAUSE why the same conclusion should not be reached in these additional represented cases.[2]

Defendants may respond to this Order to Show Cause by filing a response on or before **December 15, 2022** (or within 15 days after waivers of service are filed for cases where waivers are not filed by December 15, 2022), that simply incorporates their prior arguments on Assigned Issues 2 and 3, or that raises wholly new arguments on Assigned Issues 2 or 3 based on unique factual allegations made by a plaintiff in one of the cases identified above. It is not necessary for defendants to reassert the arguments they made in their prior motions to dismiss regarding Assigned Issues 2 and 3. I will consider those argument raised with respect to these additional represented cases.

If defendants file a substantive response, plaintiffs' counsel may file a response (addressing only the issues raised by defendants) within thirty (30) days of the defendants' response. The matter will then be taken under submission and I will issue an order that is intended to resolve Assigned Issues 2 and 3 with respect to these additional represented cases and to preserve the parties' ability to appeal the resolution of the Assigned Issues.

**IT IS SO ORDERED.**

Dated: November 16, 2022

William H. Orrick
United States District Judge

---

[1] I explicitly noted that any other issues that were raised or could have been raised in defendants' motion to dismiss with respect to individual plaintiffs were preserved and could be reasserted once the cases were returned to each underlying judge for further proceedings. July 15, 2022 Order at 3 n.5. In the July 15, 2022 Order, I did not reach Assigned Issue 1 because federal Receiver J. Clark Kelso was not named (or was no longer named) as a defendant in any of those Represented Cases. The same is true for these additional represented cases.

[2] A prior Order to Show Cause was entered in these cases. However, because defendants had not been served nor waived service in these represented cases, defendants did not have a full opportunity to respond. Hence, the second OSC for these cases.